## BAEZ *v.* ORSINI.

### APPEAL from the District Court of Mayagüez.

No. 5.—Decided April 4, 1904.

CONDITIONAL OBLIGATIONS—ENFORCEMENT.—In order that conditional obligations may be enforceable, it is necessary that the condition imposed and mutually accepted by the parties be previously complied with, inasmuch as the acquisition of the rights of said parties depends upon the fulfillment of the condition.

ID.—EVIDENCE.—The proof of the obligation devolves upon the party who demands fulfillment, and if the plaintiff fails to prove his case the defendant should be discharged from liability.

STATEMENT OF THE CASE.

This is a declaratory action instituted in the District Court of Mayagüez by Rosa Baez, widow of Morín, of age and a resident of that city, represented in this Supreme Court, first by Attorney Pascasio Fajardo, and afterwards by Attorney Manuel F. Rossy y Calderón, plaintiff, against Andrés Orsini y Santini, likewise of age, married and a resident of said city, represented by Attorney José de Diego y Martínez, defendant, for the recovery of a sum of money, which case is pending before us on appeal in cassation for error of law, now ordinary appeal, taken by the plaintiff from the judgment rendered by aforesaid district court. Said judgment reads as follows:

"Judgment.—In the city of Mayagüez, December 1, 1902. An

de mil novecientos dos. *Visto* en juicio oral y público este pleito declarativo seguido ante este Tribunal entre partes de la una como demandante Doña Rosa Baez, vuida de Morín, mayor de edad y vecina de esta ciudad, á quien representa y dirige el Letrado Don Pascasio Fajardo; y de la otra como demandado Don Andrés Orsini y Santini, mayor de edad, casado, Doctor en Medicina y Cirujía y vecino de esta ciudad, representado y dirigido por el Letrado Don José de Diego, en cobro de pesos.

*Resultando*: que el Letrado Don Pascasio Fajardo, en representacion de Doña Rosa Baez, compareció ante este Tribunal, interesando en diligencias preparatorias de ejecución, que el Doctor Don Andrés Orsini reconociese las firmas suyas puestas al pie de los documentos que acompañaba, obrantes á folios 1 y 2 de estos autos, en el primero de los que el citado Orsini se obligaba á satisfacer á la promovente la cantidad que en dicho vale reconocía adeudarle Don Osvaldo Baez, tan pronto como se realizace la operación que con dicho señor tenía pendiente, sobre la hacienda "Teresa" en aquella época; siendo expresivo el segundo de una transacción celebrada entre Don Osvaldo Baez y el Doctor Orsini, en veinte y uno de Enero del corriente año, sobre la propia hacienda, cuyas firmas fueron puestas en duda por éste último, que á su vez negó la certeza de la deuda.

*Resultando*: que en vista de esta negativa el propio Letrado dedujo demanda ante este Tribunal en juicio declarativo, fundándose en los siguientes hechos: Que Osvaldo Baez debía de satisfacer al Doctor Orsini en el año mil novecientos, dos mil setecientos pesos y teniendo noticias de que su representada había de percibir una cantidad de Doña Isabel Merle, indujo á Baez á que obtuviese de ella en préstamo, dicha suma, que convino en facilitarle Doña Rosa Baez con la garantía del Dr. Orsini, conocedora de la operación que éste señor tenía pendiente con Baez sobre la hacienda "Teresa"; que como consecuencia de este convenio el citado Orsini en el pagaré suscrito por Baez se comprometió, no ya á fiarle, si que de una manera expresa se obligó á satisfacer la cantidad prestada, constituyendo una obligación directa con cláusula condicional; que presentada la obligación suscrita por Baez y Orsini á su representada, á cuya suma de dos mil setecientos pesos, hay que agregarle los intereses, queda perfeccionado el contrato; que el motivo que tuvo Orsini para suscribir dicho documento era el tener pendiente con Baez la ejecución de la hacienda "Teresa" á consecuencia de la que había de devolverle una cantidad de dinero y de esta suma era de donde había de extraerse el mon-

oral and public hearing was had of this declaratory action brought in this court by Rosa Baez, widow of Morín, of age and a resident of this city, represented by Attorney Pascasio Fajardo, as plaintiff, against Andrés Orsini y Santini, of age, married, and a physician and surgeon, represented by Attorney José de Diego, as defendant, for the recovery of a sum of money.

"Attorney Pascasio Fajardo, as the representative of Rosa Baez, appeared before this court, and prayed that, preparatory to the commencement of execution proceedings, Dr. Andrés Orsini be called upon to acknowledge his signatures affixed to the foot of accompanying documents, found at folios 1 and 2 of this record, in the former of which the said Orsini engaged to pay the plaintiff the sum which in said promissory note he acknowledged that he owed Osvaldo Baez, as soon as the transaction he then had pending with the latter referring to the estate 'Teresa' had been effected; the other document dealing with a transaction agreed upon between Osvaldo Baez and Dr. Orsini, under date of January 21 of the current year, with reference to the same estate, which signatures were called in question by the latter, who at the same time denied the existence of the debt.

"In view of this denial the same attorney instituted a declaratory action in this court, based upon the following facts: That Osvaldo Baez being under obligation to pay Dr. Orsini, in 1900, the sum of two thousand seven hundred *pesos*, and the latter, having heard that the plaintiff herein was to receive a certain sum from Isabel Merle, he (Orsini) induced Baez to borrow said money from her, she agreeing to make the loan with the guarantee of Dr. Orsini, as she knew of the transaction pending between the latter and Baez with reference to the estate 'Teresa;' that pursuant to this agreement, Orsini, in the promissory note signed by Baez, engaged to pay the borrowed sum, thereby contracting a direct obligation with a conditional clause; that upon presenting to his client the obligation signed by Baez and Orsini, to which sum of two thousand seven hundred *pesos* the interest must be added, the contract was perfected; that the reason Orsini had for signing said document was that he had pending with Baez an execution against the estate 'Teresa,' whereby he would be reimbursed for a certain sum from which was to come the money to meet the promissory note signed by Orsini and Baez in favor of the plaintiff; and that by the private document accompany-

tante del pagaré suscrito por Orsini y Baez á la demandante y que con el documento privado que se acompaña la número 2 se vé de una manera clara y terminante que la condición de que dependía la exigibilidad del contrato estaba cumplida, suplicando que previo los tramites legales, debe declararse con lugar la demanda, con las costas á la parte contraria.

*Resultando*: que admitida la demanda y conferido traslado á la parte contraria, se personó en su nombre el Letrado Sr. Diego, contestándola bajo los siguientes hechos: que por escritura de 30 de Enero de 1892, otorgada ante el Notario de esta Ciudad, Don Santigo R. P'almer, Don Osvaldo Baez por sí y como apoderado de sus legítimos hermanos, hipotecó á favor del Dr. Orsini por diez mil pesos mejicanos intereses y costas, la hacienda ''Teresa'' sita en Palma Escrita, término municipal de Las Marías, fijandose su vencimiento para el 31 de Enero de 1898; que vencida y no satisfecha la obligación Orsini dedujo demanda ejecutiva, primero ante el extinguido Juzgado de Primera Instancia, y después ante esta Corte de Distrito que se cursó hasta que por la Orden General de 19 y 31 de Enero de 1899, se mandó á paralizar las demandas de esta naturaleza; que se convino entonces entre Orsini y Baez llevar adelante la ejecución bajo las siguientes condiciones: que una vez adjudicada á Orsini la finca hipotecada por seis mil setecientos veinte y siete pesos veinte y siete centavos oro americano, á que ascendía el capital é intereses la hipotecaría por esa misma suma, para reintegrarse de su dinero pasando entonces la propiedad de la hacienda ''Teresa'' á Baez ó á la persona que este designase, conviniéndose además que interín Baez recuperase la dicha hacienda la tendría en arrendamiento por el canon de ochocientos siete pesos veinte y seis centavos anuales; que, esto se convino el 21 de Enero de 1900 y veinte días después adeudando Baez á Doña Rosa del propio apellido dos mil novecientos cincuenta y dos pesos setenta centavos que se convino verbalmente á instancia de dichas personas con el Dr. Orsini que éste al realizar el préstamo hipotecario á que se alude anteriormente lo ampliaría á dos mil novecientos cincuenta y dos pesos setenta centavos más para pagar á Doña Rosa Baez suscribiéndose bajo estas condiciones el pagaré de autos, siendo este el único sentido y alcance de la frase ''operación pendiente'' que en él se advierte y sobre la que tanto hincapié hace la demandante; que seguido por todos sus trámites el ejecutivo adjudicóse por auto de 19 de Abril y acta de 4 de Mayo de 1901 al Dr. Orsini la finca hipotecada en pago de nueve mil ciento ochenta pesos oro

ing exhibit No. 2, it is clearly and conclusively shown that the condition upon which the enforcement of the contract depended had been fulfilled. He prayed that after complying with the legal formalities, the complaint be sustained, with costs against the adverse party.

"The complaint having been admitted and notice thereof served on the adverse party, Attorney José de Diego appeared on behalf of the latter, and in answer thereto set forth the following facts: That by deed of January 30, 1892, executed before Notary Santiago R. Palmer, of this city, Osvaldo Baez, on his own behalf and as representative of his legitimate brothers, mortgaged in favor of Dr. Orsini, for ten thousand Mexican *pesos,* interest and costs, the estate 'Teresa,' situated in Palma Escrita, municipal district of Las Marías, which mortgage was to expire on January 31, 1898; that the obligation having become due and not having been satisfied upon maturity Orsini instituted executory proceedings, first, in the abolished court of first instance, and afterwards in this district court, the same being prosecuted until by General Orders of January 19th and 31st of 1899, suits of this nature were ordered suspended; that it was then agreed between Orsini and Baez to proceed with the execution under the following conditions: That as the mortgaged estate had been awarded to Orsini for the sum of $6727.27, American gold, comprising principal and interest, he was to mortgage the property for the same sum, in order to reimburse himself for his money, after which the title to the estate 'Teresa' would be transferred to Baez or to the person designated by him; it being furthermore agreed that until Baez should recover possession of said estate he was to hold it under a lease at the yearly rental of $807.26; that said agreement was made on January 21, 1900; and twenty days thereafter, as Baez owed Rosa, of the same surname, $2952.70, it was at their request verbally agreed with Orsini that in effecting the aforesaid mortgage loan, the latter should increase the same so as to include therein the sum of $2952.70, for the purpose of meeting the debt in favor of Rosa Baez, in accordance with which agreement the promissory note in question was signed, this being the only meaning and scope of the words 'pending transaction' mentioned therein and upon which so much stress has been laid by the plaintiff; that the execution proceedings having been prosecuted to their termination, by an order of April 19th and certificate of May 4, 1901, the mortgaged estate was awarded

americano; que adjudicada la finca Orsini buscó sin encontrar el dinero para realizar el préstamo hipotecario convenido y en estas condiciones después de pasado ocho meses, solicitó la posesión judicial de acuerdo con su deudor, según se ve por el documento número 2 acompañado á la demanda, por el que Orsini cedió á Baez valores por cinco mil quinientos sesenta pesos sobre el precio de la adjudicación compadecido de la precaria situación de aquél; que por esta circunstancia la hacienda "Teresa" vino á poder de Orsini por el precio de catorce mil seteciento cuarenta pesos cuando la misma fué adjudicada á Baez y demás hermanos en 1895 por trece mil doscientos cincuenta pesos mejicanos, en ocasión en que producía ochocientos quintales de café y de cada quintal valía veinticinco pesos; y que de todo lo cual se deduce que la condición puesta en la nota que existe en el pagaré ni se ha cumplido ni puede tampoco cumplirse, solicitando que se declarase sin lugar la demanda con las costas al actor.

*Resultando*: que citadas las partes á una comparecencia para pruebas, propusieron la de confesión, documental, testifical y de cotejo, cuyas pruebas fueron declaradas pertinentes por auto de dos de Agosto último y mandadas á practicar con citación contraria.

*Resultando*: que entre los documentos acompañados por el demandado, figura un contrato privado suscrito en esta ciudad el 31 de Enero de 1900, por Osvaldo Baez y el Dr. Orsini como contratantes, en el que entre otras cosas se convino: Primero, que el Dr. Orsini una vez dueño de la hacienda "Teresa" que le estaba hipotecada y cuya hipoteca á la sazón se estaba ejecutando, estaría obligado á venderla á Baez, ó á la persona que éste designase, por seis mil setecientos veinte y siete pesos veinte centavos oro americano; segundo, que para hacerse pago de la suma indicada anteriormente Orsini hipotecaría dicha hacienda por la referida cantidad, hipoteca cuyo vencimiento había de ser por lo menos en un plazo de seis años; tercero, que una vez constituída la hipoteca Orsini vendería á la persona que Baez designase la hacienda "Teresa" tantas veces citada quedando relevado de toda responsabilidad ;cuatro, que en caso de fallecimiento del Dr. Orsini sus herederos vendrían obligados á cumplir este convenio; y, quinto, que todos cuantos gastos se originasen serían de cuenta de Baez, habiéndose asimismo convenido por una

to Dr. Orsini in payment of $9180, American gold; that after the award of the property, Orsini endeavored, without success, to negotiate the mortgage loan agreed upon, and under these circumstances, after the lapse of eight months, he applied for a judicial possession with the consent of his debtor, as shown by document No. 2, attached to the complaint, whereby Orsini assigns to Baez securities amounting to $5560 upon the value of the award, but out of pity for the latter, on account of his precarious situation; that for this reason the estate 'Teresa' came into possessión of Orsini for the sum of $14,740, whereas the same property had been awarded to Baez and his brothers in 1885, for thirteen thousand two hundred and fifty Mexican *pesos* at the time when it produced eight hundred quintals of coffee which were then worth twenty-five *pesos* each, and that from the foregoing particulars it follows that the condition contained in the note affixed to the promissory note was not fulfilled nor can the same be fulfilled. He therefore prayed that the complaint be dismissed, with costs against the plaintiff.

"The parties having been cited for submission of evidence, they proposed that of confession in court, documentary and oral evidence and comparison of handwriting, which was declared pertinent by an order of August 2, last, and directed to be taken with citation of the adverse parties.

"Among the documents filed by the defendant there is a private contract signed in this city January 31, 1900, by Osvaldo Baez and Dr. Orsini, as parties thereto, wherein, among other things, it is agreed: 1. That Dr. Orsini, upon becoming owner of the estate 'Teresa,' mortgaged to him and against which execution proceedings had been instituted, would be obligated to sell it to Baez, or to the person he might designate, for the sum of $6727.20, American gold; 2. That for the purpose of reimbursing himself for said sum, Orsini was to mortgage the estate for the same amount, such mortgage to expire after a term of not less than six years; 3. That after executing the mortgage, Orsini was to sell the aforesaid estate 'Teresa' to the person designated by Baez, thereby relieving himself from all responsibility; 4. That in the case of Dr. Orsini's death, his heirs would be bound to the fulfillment of this agreement; and 5. That all the expenses incurred would be for the account of Baez, it being further agreed, by an additional clause, that until Baez

cláusula adicional, que Orsini cedería á Baez interín éste pudiera recuperar la hacienda "Teresa", en arrendamiento dicha finca por el canon anual de ochocientos siete pesos veinte y seis centavos oro americano.

*Resultando*: que el juicio oral del presente litigio se verificó el día doce del pasado mes de Noviembre en cuyo acto, después de practicadas las pruebas, los letrados defensores informaron lo que creyeron pertinente acerca del derecho de sus respectivos patrocinados, procediéndose á la votación de la sentencia el día veinte y cuatro del propio mes día señalado al efecto, en que lo fué por unanimidad, constituído el Tribunal en audiencia pública.

*Resultando*: que en la sustanciación de estos autos se han observado las reglas del procedimiento

*Visto*: siendo Ponente el Sr. Juez Asociado Don Luís Méndez Vaz.

*Considerando*: que por tratarse en este pleito del cumplimiento de una obligación condicional el punto objeto de la discusión es determinar si con el documento presentado por el actor al folio 2 está cumplida la condición que se consignó por el Dr. Orsini al pié del documento folio 1, ya que de esta declaratoria ha de arrancar la exigibilidad ó no de la obligación aludida.

*Considerando*: que la nota puesta en el documento folio 1 por el demandado dice textualmente: "tan pronto se realice la operación que tengo pendiente con Don Osvaldo Baez sobre la hacienda 'Teresa', mé obligo á satisfacer á Doña Rosa Baez la suma del vale arriba expresado, Mayagüez, Febrero 20 de mil novecientos.—Dr. Andrés Orsini."; desprendiéndose tanto de la letra como del espíritu de la nota transcrita, que la condición de que se hacía depender el cumplimiento de la obligación en ella consignada era una operación que á la época de ponerse dicha nota estaba ya concertada entre el citado Orsini con Don Osvaldo Baez, ya que ni lógica ni gramaticalmente puede darse otra interpretación á las palabras "operación que tengo pendiente".

*Considerando*: que si bien el actor no se ha preocupado poco ni mucho de demostrar cual fuera la operación pendiente de la que se hacía depender el cumplimiento de la obligación que reclama en el presente juicio, el demandado en cambio ha traído el documento privado de folio 41 de estos autos reconocido por los otorgantes y testigos el mismo á que se refiere el Resultando 6º. de esta sentencia, en el que se hace constar la operación celebrada entre el Dr. Orsini y Osvaldo Baez de la cual se hacía depender la obligación consignada

could redeem the estate 'Teresa,' Orsini was to lease it to him at a yearly rental of $827.26, American gold.

"The oral trial of the present suit was held on the 12th of November last, when, after the taking of evidence, counsel for the parties presented such arguments as were deemed pertinent in support of the claims of their respective clients, and the 24th of the same month having been set for the voting on the judgment, the same was unanimiously approved in open court.

"In the conduct of this case the rules of procedure have been observed.

"Judge Luis Méndez Vaz prepared the opinion of the court, as follows:

"The point at issue in this case being the fulfillment of a conditional obligation, the object of the controversy is to determine whether the condition annexed by Dr. Orsini to the bottom of the document at folio 1 is fulfilled with the document presented by the plaintiff, and found at folio 2, inasmuch as upon such a determination depends the question as to whether or not the aforesaid obligation is demandable.

"The note placed by the defendant at the bottom of the document at folio 1 reads: 'As soon as the transaction is effected, which I have pending with Osvaldo Baez, referring to the estate "Teresa," I engage to pay Rosa Baez the amount of the above promissory note. Mayagüez, February 20, 1900. Dr. Andrés Orsini.' From the letter as well as the spirit of the note set forth, it is to be inferred that the condition upon which depended the performance of the obligation contained therein consisted of a transaction that had already been agreed upon between the aforesaid Orsini and Osvaldo Baez at the time said note was appended, since neither logically nor grammatically can any other interpretation be given to the words 'transaction I have pending.'

"Although the plaintiff has been wholly remiss in showing what the prospective transaction was, upon which depended the performance of the obligation demanded by her in the present suit, the defendant, on the contrary, has produced the private document on folio 41 of the record, acknowledged and identified by the grantors and witnesses as the one referred to in the sixth finding of this judgment, and in which is specified the transaction entered into between Dr. Orsini and Osvaldo Baez, upon which the obligation men-

en la nota tantas veces aludida, ya que por ser anterior en fecha aquel documento, es indudable que la operación que en él se hacía constar era la única á que se refería la nota puesta en el documento folio 1, con tanta más razón cuanto que el demandante no ha probado la existencia de otra operación á la que pudiera referirse la consabida nota, que fué puesta en el ya citado documento de folio primero en presencia de la demandante, la que mostró su conformidad con ella según confesión hecha en el acto del juicio oral.

*Considerando*: que la parte actora no ha probado la realización de la operación que Orsini y Baez tenían pendiente y de la que se hacía depender la exigibilidad de la obligación que se reclama en el presente juicio, ni siquiera ha probado cual fuera aquélla, por cuya causa, esta demanda debe ser declarada sin lugar, por cuanto en las obligaciones condicionales la adquisición de los derechos depende del acontecimiento que constituye la condición, con las costas al demandante, cuyas pretensiones han sido totalmente desestimadas.

*Considerando*: que el documento acompañado al folio 2, suscrito por Orsini y Baez, carece de importancia en este asunto y en nada influye en la decisión del presente litigio, por cuanto en él no se hace constar que se haya realizado la operación que los citados Orsini y Baez tenían pendiente sobre la hacienda ''Teresa'' y á la que se alude en la nota puesta en el documento folio 1, siendo solamente creditivo de una transacción celebrada entre aquellos señores sobre la hacienda ''Teresa''.

*Considerando*: que incumbe la prueba de las obligaciones al que reclama su cumplimiento en juicio y que ''actore non probante, reus est absolvendus''.

*Vistos* los Artículos 1080 siguientes, 1113 y siguientes del Código Civil aplicables al caso y la Orden General No. 118 y demás de aplicación.

*Fallamos*: que debemos declarar y declaramos sin lugar la presente demanda y en su consecuencia absolvemos de ella á los, digo al, demandado con las costas á la parte actora.

Así por esta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Arturo Aponte, J. A. Erwin, Luis Mendez Vaz''.

*Resultando*: que contra esta sentencia se interpuso por la representación de la demandante Doña Rosa Baez recurso de casación por infracción de ley que le fué admitido y que

tioned in aforesaid note was made contingent; for said document, being of prior date, there can be no doubt that the transaction mentioned therein was the only one referred to in the note affixed to the document found at folio 1, the more so, as the plaintiff has failed to prove the existence of any other transaction to which said note could have referred, the same having been appended to aforesaid document, folio 1, in the presence of the plaintiff, who had given her assent thereto, as shown by her confession at the oral trial.

"The plaintiff has failed to prove that the transaction pending between Orsini and Baez, upon which depended the enforcement of the obligation whose fulfillment is demanded in this suit, had been carried out, nor has she shown what the transaction was, by reason whereof this complaint should be dismissed, inasmuch as in conditional obligations the acquisition of rights depends upon the event constituting the condition; the costs being taxed against the plaintiff, who has lost her case on all points.

"The document found at folio 2, signed by Orsini and Baez, is of no importance in this case, nor does it in the least affect the decision of the present controversy, inasmuch as it fails to show that the transaction pending between Orsini and Baez with reference to the estate 'Teresa,' alluded to in the note affixed to the document at folio 1, had been carried out, said document showing only that a transaction had been entered into between those gentlemen, having reference to the estate 'Teresa.'

"The proof of the obligation devolves upon the party demanding in a court of justice the fulfillment thereof, and *actore non probante, absolvitur reus.*

"In view of section 1080 *et seq.,* 1113 *et seq.,* of the Civil Code, as also those of the Law of Civil Procedure applicable to the case, and General Order No. 118 and others of application thereto, we adjudge that we should declare and do declare that the present complaint is untenable, and accordingly absolve therefrom the defendant, with costs against the plaintiff.

"Thus by this our decision, finally adjudging, do we pronounce, command and sign. Arturo Aponte, J. A. Erwin, Luis Méndez Vaz."

From the foregoing judgment counsel for plaintiff, Rosa Baez, took an appeal in cassation for error of law, which was allowed. The record was sent up to the Supreme Court,

elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, y personadas éstas, se dió al recurso la tramitación marcada por la Ley de la Asamblea Legislativa de esta Isla de 12 de Marzo de 1903, convirtiendo esta Corte Suprema en Tribunal de apelación y se señaló día para la vista, cuyo acto se celebró con asistencia de los abogados defensores de las partes.

Abogados del apelante: *Sres. Fajardo y Rossy (Manuel)*.

Abogado del apelado: *Sr. de Diego*.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

*Fallamos*: que debemos confirmar y confirmamos la expresada sentencia con las costas á la parte apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## Ex-Parte Pinto.

Apelación procedente de la Corte de Distrito de San Juan.

No. 74.—Resuelto en Abril 4, 1904.

Dominio—Escrito Inicial Promoviendo la Información.—Aunque en el escrito inicial de una información de dominio debe expresarse si el promovente carece ó no de título de dominio escrito, ésto no obstante, admitido el escrito sin ese requisito, y sin objeción alguna del Tribunal ó del Fiscal, no procede, después de corridos todos los trámites legales, denegar la aprobación de la información por la falta de dicho requisito cuya subsanación ha debido decretar el Tribunal oportunamente.

Id.—Posesión para Adquirir el Dominio.—La posesión quieta y pacífica, por espacio de veinte y tres años, y á título de compra, es más que suficiente, para adquirir por prescripción el dominio de los bienes inmuebles, pues sólo se requiere al efecto seis años de posesión, con buena fé y justo título.

with citation of the parties, and the latter having appeared the appeal was conducted in accordance with the proceedings prescribed by the act of the Legislative Assembly of this Island, approved March 12, 1903, establishing this Supreme Court as a court of appeals. A day was set for the hearing, at which counsel for the parties appeared.

*Messrs. Fajardo* and *Rossy (Manuel F.)*, for appellants.
*Mr. de Diego,* for respondent.

Mr Chief Justice Quiñones, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

In view of the legal provisions cited therein, we adjudge that we should affirm and do affirm the aforesaid judgment, with costs against appellant.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.